**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

OSCAR L. DAVIS,                                            :

    Plaintiff,                                           :

v.                                                        :                    CV 08-0560-CG-C

COMPASS BANK, *et al.*,                                    :

    Defendants.                                          :

**<u>MOTION TO DISMISS</u>**

      COME NOW Defendants Chuck Stevens, Bobby Hensen, and Chuck Stevens Automotive,

Inc. ("CSA") and file this Motion to Dismiss and offer in support of this Motion the following:

      1.    After plaintiff filed his initial complaint in this matter, Defendants filed a Motion for

More Definite Statement.  The Court granted the motion for more definite statement on October 30,

2008.

      2.    The Court's Order (Doc. 11) stated:

> The undersigned, having reviewed the pro se plaintiff's complaint (Doc. 1) through
> this analytical prism, finds that the defendants' motion for more definite statement
> is well taken.  In particular, as pointed out by the defendants, plaintiff generically
> refers to the defendants in each of the three counts of the complaint without
> identifying which defendant or defendants he alleges engaged in the conduct about
> which he complains.  Moreover, plaintiff contends that the defendants are in violation
> of the Equal Credit Reporting Act yet none of the three counts of his complaint make
> any mention of that Act, plaintiff's standing to sue under the Act, or how the
> defendants have violated the Act.  Finally, but most importantly, plaintiff has not set
> forth in his complaint the basis upon which this Court may exercise subject-matter
> jurisdiction.

On November 18, 2008, the plaintiff filed his amended complaint. (Doc. 13).  The plaintiff has failed

to comply with Court's order and did not provide a more definite statement as required by Federal

Rule of Civil Procedure 12(b) and has not set forth the basis upon which this Court has subject matter jurisdiction in this action.

3.      First, this Court does not have jurisdiction in this action. Plaintiff states while discussing jurisdiction that Defendants violated the Equal Opportunity Credit Act ("EOCA"). 15 U.S.C.A. §1691. (Doc. 13, p. 2). The EOCA was enacted to prevent a member of a protected class from being denied credit on a discriminatory basis as outlined in the Act. 15 U.S.C.A. §1691, et seq. The Complaint does not allege Mr. Davis was denied credit on the basis of any discriminatory action. In fact, Mr. Davis' credit application and the financing was approved by Co-Defendant Compass Bank. Defendants are uncertain whether plaintiff has cited the EOCA to establish jurisdiction or if he is simply asserting that the Defendants violated this act. The mere fact that this issue itself is confusing support Defendants' argument that plaintiff has again failed to state a clear and concise statement of his case and therefore this action should be dismissed.

4.      The additional claims plaintiff makes in Counts I, II, III are all state law claims over which this Court does not have jurisdiction.

5.      Simply asserting a cause of action is not sufficient to establish jurisdiction nor withstand Rule 12(b) scrutiny. See Nicholson v. Johanns, 511 F.Supp.2d 1193, 1197 (S.D. Ala. 2007). Plaintiff is required to provide "a short and plain statement upon which the court's jurisdiction depends." Id. Plaintiff's reference to a statute or reference to a possible theory of liability in no way creates federal subject matter jurisdiction. Plaintiff's efforts to establish subject matter jurisdiction are severely lacking.

6.      Again, it is not clear whether the plaintiff is claiming a violation of the EOCA and if so, the basis of any such allegation. Assuming plaintiff is alleging a EOCA claim against these Defendants, Plaintiff has not provided that he is a member of a protected class as defined by the

EOCA or what alleged adverse actions he suffered bringing rise to a claim under the EOCA.[1] Moreover, he has not provided which Defendants allegedly violated the EOCA. As such, he has not provided that he has standing to sue or what alleged act(s) gives rise to a claim under the EOCA. This is the only claim brought by the Plaintiff which might give jurisdiction to this Court.

7.      Plaintiff has stated in three separate state law counts of "misrepresentation," "conspiracy to defraud," and "fraud."  Again, the Plaintiff has failed to state sufficiently the basis of any of these claims so that Defendants can respond, without prejudice, to these allegations in good faith.  Moreover, Plaintiff has failed to plead with the his claims of fraud and misrepresentation with sufficient particularity to satisfy Rule 9 of the <u>Federal Rules of Civil Procedure</u>.

8.      Overall, Plaintiff has failed, again, to provide a basis for jurisdiction in Federal Court. Additionally, plaintiff's complaint is so vague and ambiguous that Defendants cannot reasonably determine and adequately plead its defenses and frame an answer.

As such, Defendants request this Honorable Court grant its Motion to Dismiss this action in its entirety against these Defendants.

Respectfully submitted, this the 21st day of November, 2008.


_____
                   s/ David P. Stevens
                   DAVID P. STEVENS (STE128)
                   Attorney for Chuck Stevens, Bobby Hanson and
                   Chuck Stevens Automotive, Inc.


---

[1] Generally, a claim under the EOCA is filed to redress a denial of credit to an individual that was made based on a discriminatory reason.  15 U.S.C.A. §1691.  Plaintiff specifically has not provided that he was denied credit.  In fact, his complaint indicates that his credit application was approved.

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, PC*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - Facsimile
dstevens@nixholtsford.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to


**via certified mail**
Mr. Oscar L. Davis
1716 Jarell Street
Whistler, AL 36612

**via Court electronic filing system**
W. Beatty Pearson, Esq.
P. O. Box 7980
Spanish Fort, AL 36577

**via Court electronic filing system**
Norman Stockman, Esq.
George Walker, Esq.
Hand Arendall, LLC
P. O. Box 123
Mobile, AL 36601


on this the 21st day of November 2008.


   s/ David P. Stevens
OF COUNSEL