IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OSCAR L. DAVIS, | : | |
| Plaintiff, | : | |
| v. | : | CV 08-0560-CG-C |
| COMPASS BANK, *et al.*, | : | |
| Defendants. | : | |

### DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

COME NOW the Defendants Chuck Stevens, Bobby Hensen, and Chuck Stevens Automotive, Inc. ("collectively CSA") hereinafter, and do hereby file the following Motion to Stay Court Proceedings and Motion to Compel Arbitration and state as follows:

1. By filing this Motion, Defendants are in no way are waiving their contesting of the subject matter jurisdiction of this Court which is currently set for hearing on December 18, 2008. However, as the Court has ordered the parties to have the planning meeting and file a report, Defendants do not want it to be interpreted or in anyway held that they have waived their right to compel arbitration over the issues involved in this cause by participating in and filing the required report of the party planning meeting. Therefore, Defendants make the following statements and arguments and move the Court to compel arbitration of all issues involved.

2. The Plaintiff has filed the above referenced action for various torts including fraud, misrepresentation, and conspiracy, as well as an allegation under the Equal Opportunity Credit Act in connection with an automobile purchase. See Complaint, (Doc. 1) Amended Complaint (Doc.

13) and Response to Motion to Dismiss (Doc. 18) filed by Plaintiff.

    3.    At the time of the purchase, June 5, 2008, Oscar Davis signed and executed a binding Arbitration Agreement. See attached Exhibit "A". The binding Arbitration Agreement states as follows:

> "In connection with the undersigned's acquisition of the below described motor vehicle by lease, purchase or otherwise, on or about the, date shown below, the undersigned and the Dealer mutually covenant, stipulate and agree, in connection with the resolution of any dispute arising out of all of the contracts(s) and agreements entered into by the parties of and concerning the below described motor vehicle, and business relationships resulting therefrom, as follows: That the vehicle described below was manufactured outside of Alabama or from parts traveling in interstate commerce; has operated and will continue to operate on interstate highways; has been traveling in interstate commerce, the manufacture, transportation, sale and use thereof been and will continue to be regulated b laws of the United States of America; and, that the contract(s) and agreements entered into by the parties concerning said motor vehicle evidence transactions involving and affecting commerce. The undersigned agree that all dispute not barred by applicable statutes of limitations, resulting from or arising out of the transaction entered into (including but not limited to the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services acquired by the undersigned; the past, present and future condition of the motor vehicle; the conformity of the motor vehicle to any contract description, the representations promises, undertakings, warranties or covenants made by Dealer in connection with the undersigned's acquisition of the motor vehicle, or otherwise dealing with the motor vehicle; any lease terms or the terms of credit and/or financing in connection therewith; any terms or provisions of any credit life and/or disability insurance' purchased simultaneously herewith; or any terms or provisions of any extended service contract purchased simultaneously herewith); and, as to all claims or disputes as to any boy and/or mechanical repairs made to the vehicle prior to, as a result of this transaction or at any time hereafter; shall be submitted to Binding ARBITRATION, pursuant to the provisions of 9 U.S.C. Section 1, et. Seq. And according to the Commercial Rules of American Arbitration Association (the AAA) then existing in the County where the dealer maintains it principal place of business, except as follows: (a) In all disputes in which the matter in controversy is $10,000 or less, one arbitrator shall be selected through strikes, from a list of no less than five arbitrators supplied by the AAA, in accordance with said Association's Commercial Rules. In all disputes in which the matter in controversy exceeds $10,000, the arbitrators shall be selected as follows: the Dealer shall select one arbitrator; the undersigned customers shall collectively select one arbitrator; and the two arbitrators

so selected shall select a neutral arbitrator.  In the even any issue raised in the demand for arbitration or counter demand for arbitration (if any) includes a claim relating to the condition of the motor vehicle, the neutral arbitrator shall be an A.S.E. (American Society of Engineers) certified master mechanic, who shall be selected by mutual agreement of the arbitrators appointed by the parties.  If no issue is raised in the demand or counter demand for arbitration, concerning the condition or the motor vehicle, or if no agreement as to the appointment of an A.S.E. certified master mechanic can be made by the arbitrators selected by the parties, the neutral arbitrator shall be selected, through the AAA's strike method, by the parties hereto, from a list of at least 10 suitable arbitrators supplied by AAA, none of whom shall be licensed practicing attorneys within the State of Alabama. (b) An arbitrator or arbitrators impaneled to hear any dispute brought before them shall be empowered to enter an award of such damages, fees and costs, and grant such other relief, as said arbitrator or arbitrators deems just and proper.  Any party to this agreement who fails or refuses to arbitrate in accordance with the terms of this predispute binding arbitration agreement shall, in addition to any other relief warded through arbitration, be taxed by the: arbitrator or arbitrators with all of the costs, including reasonable attorneys fees, of any other party who had to resort to judicial or other relief compelling arbitration in accordance with the terms herein contained.  In the event the Dealer and the undersigned have entered, into more than one arbitration agreement concerning any of the matters identified herein, and in the event there are inconsistent or contradictor, provisions in any such other arbitration agreement, the undersigned and the Dealer agree that the terms of this arbitration agreement shall control disputes between them.  Further information about arbitration can be obtained directly from AAA, Atlanta, GA, by calling the AAA at 404/325-0101."

THE UNDERSIGNED HAVE AGREED TO WAIVE THE UNDERSIGNED(s)' RIGHT TO A TRIAL BY JUDGE OR JURY IN ORDER TO COMPLETE THE PURCHASE OR LEASE TRANSACTION ON THIS DATE FOR THE PRICE AND ALL OF THE OTHER TERMS AGREED TO BY THE PARTIES.  THIS ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT AND IN LIEU OF ANY TRIAL BY JUDGE OR JURY.

<u>READ COMPLETELY BEFORE SIGNING THIS AGREEMENT.  THE TERMS OF THIS AGREEMENT AFFECT YOUR LEGAL RIGHTS.  IF YOU DO NOT UNDERSTAND ANY PROVISION OF THIS AGREEMENT OR THE COSTS. ADVANTAGES OR DISADVANTAGES OF ARBITRATION, SEEK INDEPENDENT ADVICE ND/OR CONTACT THE AAA AT THE TELEPHONE NUMBER SHOWN ABOVE. BEFORE SIGNING. BY SIGNING YOU ACKNOWLEDGE THAT YOU HAVE READ. UNDERSTAND AND AGREE TO BE BOUND BY EACH OF THE PROVISION, COVENANTS, STIPULATIONS AND AGREEMENTS SET FORTH HEREINABOVE.</u> [*sic*]

(Exhibit "A")

This agreement was executed at the time of the sale by Oscar Davis.

   4.  The Arbitration Agreement is in force, affective and requires that this matter be submitted to binding arbitration.

   5.  The United States Supreme Court has held that in enacting the Federal Arbitration Act ("FAA"), Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. See *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). The Arbitration Agreement signed by the Plaintiff in this cause is within the scope of the FAA and is specifically enforceable. The FAA provides that a written provision of any contract evidencing a transaction involving commerce to settle by arbitration any controversy thereafter arising out of said transaction or contract shall be valid, irrevokable and enforceable. See 9 U.S.C. § 2. The Arbitration Agreement is enforceable because it meets the two requirements to be enforceable under the FAA. First, it is in writing and second, the transaction involves a vehicle manufactured outside of the State of Alabama, sold in the State of Alabama, and clearly involves interstate commerce. In fact, the agreement stipulates the transaction involves interstate commerce. Therefore, because there is a written contract between the parties and a separate arbitration provision, the Arbitration Agreement in this cause is specifically enforceable. See *Allied-Bruce Terminex Companies, Inc. v Dobson*, 513 U.S. 165, 274 (1995).

   6.  The arbitration clause signed by the Plaintiff in this case is unquestionably broad enough to encompass all of the claims Plaintiff is making against Chuck Stevens Automotive, Chuck Stevens and Bobby Henson. As is plainly demonstrated by the above language, the arbitration clause

provides for arbitration of all disputes not barred by applicable statute of limitations resulting from or arising out of the transaction entered into, including but not limited to the terms of the agreement, the clauses contained herein, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services acquired by the Plaintiff from the Defendant.  Simply put, Oscar Davis executed an Arbitration Agreement in writing which stipulated that the transaction involved interstate commerce and is therefore valid and enforceable.

7. This transaction involved not only the sale of the vehicle, but the sale of an extended warranty and gap insurance.  The warranty work and extended warranty involved in this transaction is a nationwide warranty.  Such nationwide warranty work is significant according to the United States Supreme Court in *Dobson*, 513 U.S. at 841-842.  Because this transaction meet all of the requirements of the FAA, including a written agreement to submit all disputes to arbitration and it involves interstate commerce, Defendants are entitled to have their Motion to Compel Arbitration granted by this Court.  Further, it is proper in this case to stay and/or dismiss this action because of each of the issues related in this Complaint are subject to arbitration.

Respectfully submitted, this the 11th day of December, 2008.

    /s/David P. Stevens
DAVID P. STEVENS (STE128)
Attorney for Chuck Stevens, Bobby Hensen and
Chuck Stevens Automotive, Inc.

**OF COUNSEL:**
*Nix, Holtsford, Gilliland, Higgins & Hitson, PC*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - Facsimile
dstevens@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

**Via certified mail**
Mr. Oscar L. Davis
1716 Jarell Street
Whistler, AL 36612

**Via Court electronic filing system**
W. Beatty Pearson, Esq.
P. O. Box 7980
Spanish Fort, AL 36577

**Via Court electronic filing system**
Norman Stockman, Esq.
George Walker, Esq.
Hand Arendall, LLC
P. O. Box 123
Mobile, AL 36601

on this the 11th day of December, 2008.

    /s/David P. Stevens
    OF COUNSEL