## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

OSCAR L. DAVIS,                        :

     Plaintiff,                        :

vs.                                    :      CA 08-0560-CG-C

COMPASS BANK, et al.,                  :

     Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the amended complaint (Doc. 13), the motion to dismiss filed by defendants Chuck Stevens, Bobby Hensen, and Chuck Stevens Automotive (Doc. 14), which defendants Compass Bank and Jose Maria Garcia Meyer have joined (Doc. 16; *see also* Doc. 17 (amended joinder)), and plaintiff's response (Doc. 18). Upon consideration of the foregoing pleadings, and the arguments of the *pro se* plaintiff and defense counsel at the December 18, 2008 hearing before the undersigned, the Magistrate Judge recommends that the Court **GRANT** the motion to dismiss and dismiss this action since there is no basis upon which this Court may exercise subject-matter jurisdiction.

## FINDINGS OF FACT

1.      Plaintiff filed suit in this Court on September 29, 2008 against Compass Bank, Jose Maria Garcia Meyer, Chuck Stevens, Chuck Stevens Automotive, and Bobby Hensen. (*See* Doc. 1) Defendants Chuck Stevens, Chuck Stevens Automotive, and Bobby Hensen moved for a more definite statement on October 17, 2008 (Doc. 8) and defendants Compass Bank and Meyer joined in this motion on October 22, 2008 (Doc. 9) The undersigned granted the motion for more definite statement by order dated October 30, 2008 (Doc. 11) and ordered plaintiff to amend his complaint on or before December 1, 2008 (*id*.).

2.      On November 18, 2008, plaintiff filed an amended complaint. (Doc. 13)

> **THIS COMPLAINT STEMS OUT OF THE MISREPRESENTATION AND THE CONSPIRACY TO DEFRAUD PLAINTIFF BY THESE DEFENDANTS AND THEIR STAFF(S) IN A(N) ATTEMPT TO PURCHASE A C A R   F R O M   C H U C K   S T E V E N S CHRYSLER/DODGE/JEEP. SEVERAL RETAIL INSTALLMENT CONTRACTS WERE MADE BY AGENTS OF COMPASS BANK AND CHUCK STEVENS C/D/J. SEVERAL CONTRACTS TO PURCHASE (1) 2008 JEEP COMPASS; REFLECTING DIFFERENT AMOUNTS FOR PURCHASE PRICE AND DIFFERENT TITLE APPLICATION SHOWING A CAR OTHER THAN THE 2008 JEEP COMPASS (2007 DODGE CHARGER). PLAINTIFF WERE CO[]ERCED INTO SIGNING THE**

2

DIFFERENT CONTRACTS WITHOUT A CLEAR
UNDERSTANDING OF WHAT HE WERE BUYING OR
THE PURCHASE PRICE. NO PROPER DISCLOSURE.
AFTER SEVERAL ATTEMPTS BY PLAINTIFF TO GET
THE DEFENDANTS TO CLARIFY THIS BY PHONE
AND WRITING LETTERS TO NO AVAIL[,] PLAINTIFF
HAD NO OTHER CHOICE BUT TO FILE THIS
LAWSUIT[.] DEFENDANTS ARE IN VIOLATION OF 15
U.S.C.A. 1691 ET SEQ (EQUAL CREDIT PROTECTION
ACT)[.]

THE JURISDICTION OF THIS COURT LIES IN
THE CONGRESSIONAL FINDINGS AND STATEMENT
OF PURPOSE: SECTION 502 OF PUB. L. 93-495
PROVIDED THAT:

THE CONGRESS FINDS THAT THE VARIOUS
FINANCIAL INSTITUTIONS AND OTHER FIRMS
ENGAGED IN THE EXTENSION OF CREDIT
EXERCISE THEIR RESPONSIBILITY TO MAKE
CREDIT AVAILABLE WITH FAIRNESS,
IMPARTIALITY AND WITHOUT DISCRIMINATION.
ECONOMIC STABILIZATION WOULD BE ENHANCED
AND COMPETITION AMONG THE VARIOUS
FINANCIAL INSTITUTIONS AND OTHER FIRMS
ENGAGED IN THE EXTENSION OF CREDIT WOULD
BE STRENGTHENED BY AN ABSENCE OF
DISCRIMINATION AS WELL AS BY THE INFORMED
USE OF CREDIT, WHICH CONGRESS HAS
HERETOFORE SOUGHT TO PROMOTE, IT IS THE
PURPOSE OF THIS ACT. [SEE SHORT TITLE SET OUT
IN SECTION 1601 OF THIS TITLE]. THE DEFENDANTS
VIOLATED THIS ACT BECAUSE PLAINTIFF IN
"GOOD FAITH" TRIED TO EXERCISE HIS RIGHT TO
PURCHASE A NEW AUTOMOBILE AND WERE
ENTITLED TO BE TOLD THE TRUTH AND MADE
AWARE OF ALL FINANCIAL ARRANGEMENTS WITH
PROPER DISCLOSURE BY THE DEFENDANTS

3

DURING THIS TRANSACTION, BUT WERE NOT; LIES UNDER THE SCOPE OF PROHIBITIONS OF 15 U.S.C.A. 1691(a)(3)[.]

## COUNT I – <u>MISREPRESENTATION</u>

NO DISCLOSURE OF WHY PRICE CHANGED. THE DEFENDANT BOBBY H[E]NSEN [] BY AUTHORITY OF CHUCK STEVENS, D/B/A/ CHUCK STEVENS CHRYSLER-DODGE-JEEP SHOWED THE 2008 JEEP COMPASS SELL PRICE AS STATED ON THE FEDERAL WINDOW STICKER; THEN HAD IT CHANGED $5000.00 DOLLARS ON ONE CONTRACT THAT THEY HAD PLAINTIFF TO SIGN, RAISING THE PROFIT FOR THESE DEFENDANTS OVER $5000.00 DOLLARS WITHOUT ADDING ADDITIONAL EQUIPMENT.

WHEREFORE PLAINTIFF DEMANDS DAMAGES IN EXCESS OF STATUTORY MINIMUM OF THIS COURT PLUS ALL COST[S] ASSOCIATED WITH THIS ACTION.

## COUNT II – <u>CONSPIRACY TO DEFRAUD</u>

THE DEFENDANTS BOBBY H[E]NSEN, CHUCK STEVENS, CHUCK STEVENS C/D/J AND COMPASS BANK SENIOR LOAN OFFICER HAROLD @ (800) 239-1996 (UNDER THE AUTHORITY OF MR. JOSE MARIA GARCIA MEYER[]) CONSPIRED TO DEFRAUD THE PLAINTIFF BY RAISING THE MANUFACTURER'S SUGGESTED RETAIL PRICE WITHOUT ADDING ADDITIONAL EQUIPMENT ON THE 2008 JEEP COMPASS, TO REFLECT THE AMOUNT FINANCED TO EXCEED $7000.00 DOLLARS OVER THE PRICE ORIGINALLY QUOTED PLAINTIFF BY BOBBY H[E]NSEN AND RAISING THE INTEREST RATE OVER WHAT COMPASS BANK STATED PLAINTIFF WERE

ENTITLED TO WITHOUT DISCLOSURE SO AS TO PREVENT PLAINTIFF FROM RECEIVING PAYMENTS HE IS ENTITLED TO OR [TO] PREVENT REFINANCING [OF] THIS VEHICLE TO ACHIEVE A MORE DESIRABLE PAYMENT, BECAUSE OF PLAINTIFF'S LACK OF KNOWLEDGE OF FINANCING, THE FACT PLAINTIFF IS AFRICAN AMERICAN AND HIS AGE.

WHEREFORE PLAINTIFF DEMANDS DAMAGES AS FOLLOWS: DEFENDANTS TO CORRECT THE PRICE AND TERMS OF THIS TRANSACTION TO WHAT IS RIGHT AND JUST PLUS PAY ALL COSTS ASSOCIATED WITH THIS ACTION.

COUNT III– <u>FRAUD</u>

ON THE DATE OF THIS TRANSACTION PLAINTIFF WERE GIVEN WHAT HE WERE TOLD HIS "CAR PAPERS" IN A(N) ENVELOPE[.] AFTER LEAVING THE DEALERSHIP[,] PLAINTIFF LOOKED AT THE PAPERS AND NOTICED THAT THE PRICE ON THIS CONTRACT WERE DIFFERENT FROM THE PRICE ON THE OTHER CONTRACT HE WAS TOLD TO SIGN AND THE TITLE APPLICATION WERE TO A VEHICLE OTHER THAN THE 2008 JEEP COMPASS (A 2007 DODGE CHARGER). PLAINTIFF CALLED THE DEALERSHIP AND BOBBY H[E]NSEN TOLD HIM TO "COME BACK TOMORROW AND HE WOULD TAKE CARE OF IT." UPON ARRIVING THE FOLLOWING DAY AND SHOWING BOBBY H[E]NSEN WHAT WAS THE MATTER, BOBBY H[E]NSEN BECAME VERY IRATE AND TOLD PLAINTIFF IF HE DID NOT LEAVE THAT HE WOULD CALL THE POLICE AND HAVE PLAINTIFF ARRESTED[,] BECAUSE THIS DEAL WERE FINAL. PLAINTIFF THEN CALLED CHUCK STEVENS [] [AND] HE CAME THERE[.] PLAINTIFF SHOWED HIM WHAT WAS WRONG[.] CHUCK STEVENS SAID

HE WOULD NOT CHANGE THE CONTRACT. PLAINTIFF WENT HOME AND CALLED COMPASS BANK BECAUSE THIS WAS ON A COMPASS BANK CONTRACT AND CHUCK STEVENS AND HIS STAFF IS UNDER A DEALER AGREEMENT CONTRACT TO ACT AS AGENTS OF COMPASS BANK. PLAINTIFF TALKED TO CUSTOMER SERVICE PERSON <u>DENISE T. @ 1-(866)-887-9271</u>, THEN TO <u>SUSAN FORD</u>[,] CUSTOMER SERVICE SUPERVISOR[,] @ (205) 297-3968, THEN TO <u>JOHN L. HOLLAND</u>[,] DEALER DEPT. LOAN OFFICER [,] @ (205) 238-2249[,] THEN TO <u>TIFFANY JENNINGS</u>[,] DEALER LOAN OFFICER SUPERVISOR[,] @ (713) 867-2848 IN HOUSTON, TEXAS[,] THEN TO <u>LINDA LEGGETT</u>[,] DEALER DEPT. SUPERVISOR[,] @ (713) 867-2846 AND ALSO THE EXECUTIVE ASST. TO MR. JOSE MARIA GARCIA MEYER (PRESIDENT OF COMPASS BANK) @ (205) 297-3000 AND EVEN FAXED COPIES OF THE DOCUMENTS (CONTRACT AND TITLE APPLICATION TO THE 2007 DODGE CHARGER WHICH SHOWED COMPASS BANK AS LIEN HOLDER) AND PLAINTIFF WERE TOLD HE WOULD HAVE TO TALK TO THE DEALER. THE DEALER WOULD NOT TALK, LEAVING PLAINTIFF NOT KNOWING IF HE HAD PURCHASED A 2008 JEEP COMPASS OR HOW MUCH IT COST. THE PURPOSE OF CREDIT DISCLOSURE PROVISIONS OF THE TRUTH IN LENDING STATUTES AND THEIR UNDERLYING REGULATIONS IS TO INSURE MEANINGFUL DISCLOSURE OF CREDIT TERMS SO THAT CONSUMERS ARE ABLE TO READILY COMPARE VARIOUS AVAILABLE CREDIT TERMS TO AVOID UNINFORMED USE OF CREDIT.

WHEREFORE PLAINTIFF DEMANDS DAMAGES AS FOLLOWS: PLAINTIFF TO RECEIVE A PRICE AND TERMS OF FINANCE THAT IS JUST AND FAIR AND THE DEFENDANTS PAY ALL COST[S] ASSOCIATED WITH THIS ACTION.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

(*Id.* at 1-4 (emphasis in original)) Plaintiff attached to his amended complaint **several documents. (Doc. 13, Attachments) One attachment is the** manufacturer's sticker which reflects a list price of $22,265; another is a motor vehicle purchase order reflecting a list price of $27, 115.71; and another is the Retail Installment Sales Contract which reflects a total amount financed of $29,520.98.  (*See id.*)

3.    Defendants Chuck Stevens, Bobby Hensen, and Chuck Stevens Automotive, Inc. filed their motion to dismiss the amended complaint on November 21, 2008, arguing therein that the plaintiff failed to comply with the Court's October 30, 2008 order because he did not provide a more definite statement and did not set forth a basis upon which this Court may exercise subject-matter jurisdiction. (Doc. 14) On December 2, 2008, defendants Compass Bank and Jose Meyer joined in and adopted the motion to dismiss filed by Chuck Stevens, Bobby Hensen, and Chuck Stevens Automotive, Inc. (Doc. 16; *see also* Doc. 17 (amended joinder))

4.    Plaintiff filed his response in opposition to the defendants' motion to dismiss on December 3, 2008. (Doc. 18)

**COME NOW PLAINTIFF OSCAR L. DAVIS AND MOVE THIS HONORABLE COURT TO DENY THE**

7

DEFENDANTS' BOBBY H[E]NSEN, CHUCK STEVENS AND CHUCK STEVENS C/D/J MOTION TO DISMISS AND IN SUPPORT THEREOF SUBMIT THE FOLLOWING:

1) THIS HONORABLE COURT HAS JURISDICTION OF THE INSTANT CASE BECAUSE OF THE DISCRIMINATORY PRACTICES BY THESE DEFENDANTS, OF CHARGING A HIGHER INTEREST RATE[] AND CHANGING PRICES (MAKING THEM HIGHER) FOR VEHICLES SOLD TO OLDER AFRICAN AMERICANS THAN THOSE SOLD TO WHITES AND OTHER ETHNIC GROUPS OR YOUNGER MORE EDUCATED GROUPS AND CANNOT BE EXPLAINED FULLY BY FACTORS UNRELATED TO AGE AND RACE. THESE DIFFERENCES ARE HIGHLY STATISTICALLY SIGNIFICANT. AS DESCRIBED IN THE PROCEEDING PARAGRAPHS[,] BETWEEN JUNE 2004 AND NOV. 2008, COMPASS BANK, BOBBY H[E]NSEN, CHUCK STEVENS AND CHUCK STEVENS C/D/J HAS ENGAGED IN A PATTERN OR PRACTICE OF DISCRIMINATION AS DEFINED IN ECOA, 15 U.S.C.A. 1691 SEC. 701 A(1) AND (3).

2) PLAINTIFF HAS PRESENTED TO THIS COURT A PRIMA FACIE CASE WITH DOCUMENTATION TO VERIFY ALL CLAIMS ALLEGED IN HIS COMPLAINT.

3) THESE DEFENDANTS HAVE NOT OFFERED ANY EVIDENCE TO REFUTE PLAINTIFF'S CLAIMS NOR HAVE THEY DENIED THEM.

4) IF THESE DEFENDANTS DID NOT DISCRIMINATE AGAINST PLAINTIFF BECAUSE OF HIS LACK OF KNOWLEDGE OF FINANCE[,] HIS AGE[,] AND BECAUSE HE'S AFRICAN AMERICAN, THEN LET THEM PROVIDE EVIDENCE THAT THIS IS HOW THEY TREAT ALL OF THEIR CUSTOMERS.

**5) THE DISCRIMINATORY POLICIES AND PRACTICES OF COMPASS BANK AUTHORIZED BY MR. JOSE MARIA GARCIA MEYER[], BOBBY H[E]NSEN AND CHUCK STEVENS C/D/J AUTHORIZED BY CHUCK STEVENS AS DESCRIBED HEREIN WERE INTENTIONAL AND WERE IMPLEMENTED WITH RECKLESS DISREGARD FOR THE RIGHTS OF AGED AFRICAN AMERICANS WHO PURCHASED VEHICLES AND FINANCED FROM THESE DEFENDANTS.**

**6) PERSONS WHO HAVE BEEN VICTIMS OF THESE DEFENDANTS' PATTERN OR PRACTICE OF DISCRIMINATION ARE AGGRIEVED APPLICANTS UNDER ECOA, 15 U.S.C. 1691 SEC. 701 A(1) AND (3) AND HAVE SUFFERED INJURY AND DAMAGES AS A RESULT OF COMPASS BANK AND CHUCK STEVENS C/D/J CONDUCT.**

**FOR ALL OF THE ABOVE REASONS BOTH JOINTLY AND SEVERALLY, PLAINTIFF PRAY DEFENDANTS' MOTION TO DISMISS BE DENIED, AND THIS CASE [BE] SET FOR TRIAL.**

(*Id.* at 1-2 (emphasis in original))

5.      The undersigned heard oral argument on the defendants' motion to dismiss on December 18, 2008. The crux of what plaintiff is really upset about is that the list price of his 2008 Jeep Compass on the one purchase order he signed ($22,265.00) is entirely consistent with the federal sticker price (*see* Doc. 13, Attachments) but the list price on the other purchase order he signed

($27,115.71) is inconsistent with the sticker price.[1]

6.     By plaintiff's calculations, the difference in price is almost $7,000.00 (actually $6,350.71) when the $1,500.00 rebate he received is taken off the sticker price. Of course, what plaintiff fails to consider is that the $1,500.00 rebate he received would have to come off of the $27,115.71 list price on the other purchase order he signed. Accordingly, there is actually only a $4,850.71 difference in the list prices contained on the two purchase orders. The difference in list prices is totally accounted for, to the penny, by the trade-in allowances reflected on the two purchase orders. The amount owing to Wells Fargo on plaintiff's trade-in, a 2005 Dodge Dakota, was $14,135.96 but Chuck Stevens only offered plaintiff a trade-in allowance of $9,285.25, a difference of $4,850.71. However, because Compass Bank had to pay-off Wells Fargo upon the extension of credit to plaintiff for purchase of the 2008 Jeep Compass, the purchase order had to be redone to reflect a trade-in allowance of $14,135.96 (the pay-off amount) and a list price of $27,115.71, that is, the manufacturer's list price on the vehicle, $22,265.00, plus the difference in what Chuck Stevens was willing to pay for plaintiff's trade-in

---

[1]     Plaintiff admitted during oral argument that he bought a car from Chuck Stevens Automotive, he agreed to the price, he signed numerous documents, and he received a loan from Compass Bank. Plaintiff also indicated that he buys a new vehicle approximately every three years.

and the amount of the pay-off, $4,850.71. In other words, plaintiff owed more on his 2005 Dodge Dakota than Chuck Stevens was willing to pay him to take it off his hands; therefore, he was upside-down on the entire situation and the amount of money loaned by Compass Bank was greater than the value of the 2008 Jeep Compass because of the amount the dealership was willing to pay plaintiff for his trade-in.[2]

7.     Plaintiff admitted during oral argument that he does not know why the defendants treated him in the manner they did and does not know whether they treat all people in a like manner.

## <u>CONCLUSIONS OF LAW</u>

1.     "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (internal citations omitted); *see also Williams v. CNH America, LLC,* 542 F.Supp.2d 1261, 1263 (M.D. Ala. 2008) (same). Because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the

---

[2]     It should be noted that the "bottom-line" on both purchase orders is identical, that is, the unpaid balance on both is shown as $28,725.98.

party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

2.     Plaintiff attempts to invoke this Court's federal-question jurisdiction, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), by asserting in his amended complaint (Doc. 13), and during oral argument on December 18, 2008, that the defendants violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*. However, the undersigned recommends that the Court find that plaintiff has not stated a claim under the ECOA against the defendants. Because plaintiff has not stated a cause of action under this federal statute his complaint, as amended, is due to be dismissed for lack of subject-matter jurisdiction.

3.     Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id*. In light of the rule of notice pleading, a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations but it must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955,

1964-1965, 167 L.Ed.2d 929 (2007); *see also id.* at ___ n.3, 127 S.Ct. at 1965 n.3 ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' . . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[3][.]" *Id.* at ___, 127 S.Ct. at 1965 (internal citations omitted; footnote added).

4.      Section 1691(a)(1) of the ECOA provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction– (1) on the basis of race, color . . . or age[.]"[4]

---

[3]      "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at ___, 127 S.Ct. at 1965.

[4]      In the amended complaint (Doc. 13, at 2), plaintiff cites to 15 U.S.C. § 1691(a)(3) which provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction–(3) because the applicant has in good faith exercised any right under this chapter." Plaintiff does not identify any right under the chapter he tried to exercise as an "applicant" with respect to these defendants. *See* 15 U.S.C. § 1691a(b) ("The term 'applicant' means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit

*See also Rosa v. Park West Bank & Trust*, 214 F.3d 213, 215 (1st Cir. 2000) ("The ECOA prohibits discrimination, 'with respect to any aspect of a credit transaction[,] on the basis of race, color, religion, national origin, sex or marital status, or age.'").   "The Act requires creditors to furnish notice of the specific reasons why an adverse action was taken against a consumer." *Henry v. Westchester Foreign Autos, Inc*., 522 F.Supp.2d 610, 614 (S.D. N.Y. 2007), citing 15 U.S.C. § 1691(d). The Act defines adverse action as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6). With respect to the last category of adverse action, the regulations identify credit terms requested by the applicant to include the interest rate, length of maturity, collateral, or amount of downpayment. 12 C.F.R. § 202.2(c)(2)(v) ("When an applicant applies for credit and the creditor does not offer the credit terms requested by the applicant (for example, the interest rate, length of maturity, collateral, or amount of downpayment), a denial of the application for that reason is adverse action (unless the creditor makes a counteroffer that is accepted by the applicant) and the applicant is entitled to notification under § 202.9.").

---

plan for an amount exceeding a previously established credit limit."). Accordingly, he has not stated a claim under this subsection.

5.     Plaintiff admitted during oral argument that he does not know why the defendants treated him in the manner they did; therefore, his conclusory allegations that the defendants discriminated against him on the basis of his race and age cannot stand. More importantly, plaintiff has wholly failed to establish that any of the defendants took an adverse action against him. In fact, the evidence in this case establishes the contrary. Compass Bank extended credit to plaintiff, this case does not involve a change in the terms of an existing credit arrangement, and there is no evidence of a refusal to grant credit in substantially the amount or on substantially the terms requested. Because plaintiff has offered no facts which so much as suggest that an adverse action was taken by any of the defendants, he has failed to state a claim under the ECOA. *Davis v. Regional Acceptance Corp*., 300 F.Supp.2d 377, 386-387 (E.D. Va. 2002) (finding that in order to state a federal claim under the ECOA, a plaintiff must allege that one or more of the defendants took an adverse action and failed to notify him under subsection (d)); *cf. Holt v. Ford Motor Credit Co.,* 2007 WL 2601083, *8 (N.D. Ind. 2007) ("Plaintiff has not supported this claim with any evidence, nor has he explained how they violate specific portions of the Equal Credit Opportunity Act. . . . The ECOA [] requires that a creditor notify a credit applicant of its action on his

application within 30 days of receiving the application. [] But only when the creditor takes an 'adverse action' against an applicant (*i.e.* denies credit) is the applicant entitled to notification in writing. [] In this case, no adverse action was taken."), *aff'd*, 275 Fed.Appx. 553 (7th Cir. 2008).

6. Because plaintiff has failed to state a claim for relief under the Equal Credit Opportunity Act, this Court lacks jurisdiction to entertain his remaining state-law claims. Accordingly, the undersigned recommends that the Court dismiss the complaint inasmuch as this Court has no basis to exercise subject-matter jurisdiction.

## **CONCLUSION**

It is recommended that the motion to dismiss filed by defendants Chuck Stevens, Bobby Hensen, and Chuck Stevens Automotive (Doc. 14), which defendants Compass Bank and Jose Maria Garcia Meyer have joined (Doc. 16; *see also* Doc. 17 (amended joinder)), be **GRANTED**. Plaintiff has failed to state a claim for relief under the Equal Credit Opportunity Act; therefore, this Court lacks subject-matter jurisdiction to entertain plaintiff's remaining state-law claims.

**DONE** and **ORDERED** this the 24th day of December, 2008.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

16

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.    ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The_objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


  s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE